Filed 2/8/23  P. v. Spratt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095526 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE006377) |
| v. | |
| IVORY JORDAN SPRATT, | |
| Defendant and Appellant. | |

Defendant Ivory Jordan Spratt broke into a woman's home and stabbed her neighbor after he came to her aid.  A jury found defendant guilty of first degree robbery, first degree burglary, and assault with a deadly weapon, and the trial court sentenced defendant to 23 years in prison.  On appeal, defendant challenges multiple aspects of his sentence.  Finding no merit to defendant's contentions, we will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A.     *Factual history and jury verdict*

A detailed recitation of facts is unnecessary to resolve this appeal.  It suffices to say that defendant and two codefendants broke into a woman's home.  The woman ran

1

outside and told her neighbor, Richard S., that someone was inside her house.  Richard entered her home with a golf club; one codefendant charged at Richard and they began to fight.  As they fought, defendant approached from behind, punched Richard in the head, placed him in a chokehold, and stabbed him.  After defendant and his cohorts fled, the police found one of them in possession of the woman's purse, which contained more than $2,000 in cash.

Following trial, a jury found defendant guilty of first degree robbery within an inhabited dwelling house (Pen. Code, §§ 211, 213, subd. (a)(1)(A));[1] first degree residential burglary (§ 459); and assault with a deadly weapon.  (§ 245, subd. (a)(l).)  The jury also found true that defendant personally used a deadly weapon (a knife) (§ 12022, subd. (b)(1)) during the robbery and burglary; and that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) in the commission of all counts.

B.    *The sentencing hearing*

At sentencing, the trial court first considered the sentencing enhancements.  It reviewed the certified record of defendant's March 2015 conviction for robbery and found true that defendant committed a prior serious felony (§ 667, subd. (a)) and that defendant was eligible for sentencing under the Three Strikes law.  (§§ 667, subds. (b)-(i), 1170.12.)  The trial court denied defendant's *Romero*[2] motion, finding defendant was "the reason the three strikes law exists," and that he fell "squarely" within its purpose.

The prosecutor requested a 23-year sentence based on the upper term for robbery (nine years), doubled for the strike prior, plus five years for the prior felony conviction.  In doing so, he acknowledged that the "new laws" created a presumption for the low term

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

due to defendant's age, if the trial court found his youth[3] was a contributing factor to his crime, but asserted that the interests of justice justified imposition of the upper term. Defense counsel argued against the upper term because "[t]he recent change in the law is suggesting that [the] upper term should only be used in more rare situations where there are aggravating factors."

The trial court stated that it read the sentencing briefs and "reviewed the new case law and current case law as it relates to sentencing after the new year." It explained it was "aware of the new sections related to 1170(b)" and was "aware that the sentence should not exceed the midterm except as otherwise provided in [section 1170, subdivision (b)(2)]."[4]

Turning to aggravating and mitigating factors, the trial court expressed its belief that "not only it would be well within [its] right, but it would actually be just to max the defendant out. I believe that. And I believe that based on the record that currently exists, I can do that . . . within the parameters of the law." Referring to the "record in this case," the trial court found four aggravating factors: defendant's criminal record was increasingly serious; his prior performance on probation, parole or conditional release was unsatisfactory; he inflicted great bodily injury; and he used a weapon while committing the crime. The trial court cited defendant's young age as the only mitigating factor, which it found "pales in comparison to how he's lived his life up to this point." The trial court further stated: "[W]hile [it] recognize[d] that even though you could say the presumptive low term would be appropriate, it would be absolutely inappropriate to impose it given all of the circumstances this Court is aware of." It commented that it was

---

[3]   Section 1016.7, subdivision (b) defines " 'youth' " as "any person under 26 years of age on the date the offense was committed."

[4]   Section 1170, subdivision (b)(2) requires that either the judge or jury find the facts supporting a finding of aggravating circumstances beyond a reasonable doubt.

"genuinely tempted to give [defendant] those 29 years" because doing so would protect the community.

Ultimately, the trial court concluded that "the aggravating factors far outweigh and justify deviation from either the low or the midterm" and imposed the aggregate term of 23 years requested by the prosecution. The trial court also imposed the upper term sentence on defendant's remaining counts for burglary and assault, plus three years for both of the great bodily injury enhancements on those counts, and one year for personal use of a deadly weapon during the burglary. However, it stayed the sentences for the burglary and assault convictions pursuant to section 654. The trial court further ordered defendant to pay the statutory minimum restitution fine of $300. (§ 1202.4, subd. (b)(1).)

## DISCUSSION

### I

### *Aggravating Factors*

Defendant first contends that we must reverse and remand for resentencing because the trial court violated his constitutional and statutory rights by imposing the upper term based on four aggravating factors that were not found true beyond a reasonable doubt. Defendant's argument rests on Senate Bill No. 567 (2020-2021 Reg. Sess.) (Senate Bill 567), which went into effect one week before defendant's sentencing hearing. We conclude that any failure by the trial court to follow the new law was harmless.

A. *Senate Bill 567*

Senate Bill 567 amended section 1170, subdivision (b) so that, among other things, aggravating circumstances now only justify the imposition of an upper term sentence if "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) The amended statute also adds a third acceptable method of factfinding,

4

permitting courts to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

B.     *Compliance with amended section 1170*

Here, the trial court's reliance on two of the four aggravating factors complied with Senate Bill 567's amendments to section 1170 because the jury found them true beyond a reasonable doubt. Specifically, the jury found the great bodily injury enhancement true, which established that "[t]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness." (Cal. Rules of Court, rule 4.421(a)(1).) The jury also found the personal use of a deadly weapon enhancement true, which established that "[t]he defendant was armed with or used a weapon" during the crime. (Cal. Rules of Court, rule 4.421(a)(2).) Thus, two of the aggravating factors were properly established in compliance with section 1170, subdivision (b)(2).

However, we reject the People's argument that the trial court found the two remaining aggravating factors—(1) defendant's criminal record was increasingly serious; and (2) his prior performance on probation, parole or conditional release was unsatisfactory—consistent with the amended law. It is true that the trial court received the certified records of defendant's convictions, which established that he was convicted of robbery in 2014 and 2015, and that he committed the crimes in this case while on parole. But section 1170, subdivision (b)(3) does not permit the trial court to find any underlying facts other than the prior convictions themselves. Subdivision (b)(3) specifies that the only exception created is for prior convictions: "[T]he court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).) The statute does not codify the much broader exception described in *People v. Towne* (2008) 44 Cal.4th 63, which allows judicial consideration of facts related to a defendant's

5

recidivism without violating the Sixth Amendment. (*Id*. at pp. 79-83; see also *People v. Gallardo* (2017) 4 Cal.5th 120, 124-125 [disapproving Sixth Amendment precedent and limiting judicial factfinding about the facts underlying a defendant's prior conviction].)

Thus, the trial court's factual findings that (1) defendant's crimes were increasingly serious; and (2) defendant's performance on probation, parole, or conditional release was unsatisfactory, do not comport with amended section 1170 because the trier of fact did not make those findings beyond a reasonable doubt. We therefore must remand for resentencing unless we find the trial court's error was harmless.

C.     *Harmless error*

To determine whether the trial court prejudicially erred by relying on two aggravating factors that do not comply with section 1170, we follow the two-step analysis set forth in *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1110-1115 (*Zabelle*). We first consider whether "the trial court *could* have imposed the upper term sentence" (*id*. at p. 1112) consistent with the Sixth Amendment's jury trial guarantee under the standard set forth in *People v. Sandoval* (2007) 41 Cal.4th 825. (*Zabelle, supra*, at p. 1111.) This requires us to determine whether the jury would have found true beyond a reasonable doubt at least one of the aggravating circumstances on which the trial court relied. (*Sandoval, supra*, at p. 839.) Here, there is no Sixth Amendment prejudice because, as discussed, the jury did conclude that two of the aggravating factors were true beyond a reasonable doubt.

Turning then to the second step under *Zabelle*, we assess whether the court "*would* have imposed the upper term sentence even absent the error" (*Zabelle, supra*, 80 Cal.App.5th at p. 1112) under the state law standard set forth in *People v. Watson* (1956) 46 Cal.2d 818. "In particular, we must consider whether it is reasonably probable that the trial court would have chosen a lesser sentence in the absence of the error. [Citation.]" (*Zabelle*, at p. 1112.) " 'A "reasonable probability" "does not mean more likely than not,

6

but merely a reasonable chance, more than an abstract possibility." [Citation.]' [Citation.]" (*People v. Soto* (2022) 79 Cal.App.5th 602, 610.)

Here, we do not hesitate in concluding that the trial court would have imposed the upper term absent its erroneous reliance on two of the four aggravating factors. During sentencing, the trial court commented that it would be "well within [its] right" and that it would "actually be just" to "max the defendant out" at 29 years, which is six *more* years than it ultimately imposed. It later reiterated it was "genuinely tempted" to impose 29 years to protect the community. It also found the aggravating factors to "far outweigh and justify deviation" from the low or middle term. Thus, as the trial court sincerely considered a higher sentence than it ultimately imposed, opining that a higher sentence would be "just," it is not reasonably probable that the trial court would have chosen a lesser sentence than the one it imposed absent its error.

We also note that the trial court did not give any particular weight to any one aggravating factor over another, nor did it suggest that defendant's increasingly serious criminal record or poor performance on probation were crucial to its imposition of the upper term. Based on this record, we conclude that the trial court's error was harmless under *Watson*, and remand for resentencing is not required.

II

*Assembly Bill No. 124 (2021-2022 Reg. Sess.)*

Defendant next contends we must remand for resentencing because the trial court erroneously failed to consider that he is presumptively entitled to the low term pursuant to Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5.3) (Assembly Bill 124), effective January 1, 2022. While there is no dispute the trial court considered defendant's youth at sentencing, defendant argues that the trial court failed to *also* consider the presumptive low term based on defendant's childhood trauma, which he contends contributed to his crimes. We find no basis for remand.

7

A.    *Applicable legal principles*

As relevant here, Assembly Bill 124 amended section 1170 to make a low-term sentence presumptively appropriate when a defendant's youth or "psychological, physical, or childhood trauma" is a "contributing factor" to the defendant's commission of an offense.  (§ 1170, subd. (b)(6)(A), (B).)  However, the statute permits the trial court to depart from the low term if "the court finds that the aggravating circumstances outweigh the mitigating circumstances" such that "imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6).)

When making sentencing choices, a trial court has broad discretion.  (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1031.)  We presume the trial court was aware of and followed the law when it exercised its sentencing discretion.  (*People v. Weddington* (2016) 246 Cal.App.4th 468, 492.)  Where the record is silent as to whether the trial court understood its sentencing discretion, remand is not required because "[e]rror may not be presumed from a silent record."  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.)  "In reviewing for abuse of discretion, . . . ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]" ' "  (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)  "To meet [that] burden, the defendant must 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.'  [Citation.]"  (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.)  " ' "In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." '  [Citations.]"  (*Carmony, supra*, at pp. 376-377.)

B.    *Analysis*

Here, defendant presented evidence and argument in his sentencing brief and at the sentencing hearing regarding his trauma and mental health issues.  While the brief did not explicitly cite to amended section 1170, it argued that defendant was emotionally

8

abused at home, used substances, and had mental health issues, all of which caused him to make poor choices he would not have made "without this level of trauma." Specifically, it explained that defendant had a normal childhood until around the age of 15, when his father was diagnosed with cancer. Once medicated, his father's personality changed, and he became emotionally abusive.[5] Around that time, defendant began experimenting with alcohol and marijuana and, in 2014, defendant was hospitalized for auditory hallucinations caused by smoking marijuana. The sentencing brief also included statements from family and friends about defendant's history, plus copies of defendant's educational and mental health records. The brief asserted that "[i]t is not difficult to see that this trauma, combined with his youth," affected defendant's ability to make positive choices and defendant accordingly "ask[e]d the court to consider this when determining [his] sentence."

At the hearing, the trial court stated that it read the sentencing brief and reviewed the changes made to section 1170, subdivision (b). Defense counsel argued against the upper term, asking the court, consistent with the sentencing brief, to take defendant's "history with regard to drugs and alcohol, his family situation, mental health," as well as defendant's age, into consideration. When sentencing defendant, the trial court referenced "the presumptive low term," but found it "absolutely inappropriate to impose" given the aggravating circumstances.[6]

Thus, defendant expressly asked the trial court to consider his trauma at sentencing and provided evidence in support of his request. Further, the trial court

---

[5]    Defendant's father has been in remission since approximately 2011.

[6]    The prosecution acknowledged that defendant was entitled to the presumptive low term if the trial court found that his youth was a contributing factor to the crime, unless the interests of justice required otherwise, but did not reference the same presumption based on childhood trauma. Both presumptions are delineated in section 1170, subdivision (b)(6), as amended by Assembly Bill 124.

indicated that it understood the limits of its discretion as set forth in section 1170, subdivision (b)(6). To the extent the record is silent on whether the trial court specifically recognized that a history of trauma may also entitle defendant to the presumptive low term (as opposed to defendant's age alone raising the presumption), we must assume the trial court understood and applied the relevant law. To be sure, defendant has not affirmatively shown the trial court misunderstood its discretion.

Presuming then that the trial court understood the new limitations on its sentencing discretion under section 1170, subdivision (b)(6)(A), we cannot conclude the trial court abused that discretion by declining to sentence defendant to the low term. The record supports the trial court's finding that the aggravating circumstances in this case—in which defendant violently stabbed an innocent man who was trying to protect his neighbor, causing him great bodily harm—and which occurred after several prior convictions, greatly outweighed the mitigating circumstances, such that imposition of the low term would be contrary to the interests of justice. As defendant has failed to show that the trial court misunderstood its sentencing discretion or otherwise abused its discretion when it found defendant was not entitled to the presumptive low term, despite some evidence of childhood trauma, remand for resentencing is not required on this basis.

III

*Section 667, Subdivision (a) Enhancement*

Next, defendant contends he received ineffective assistance of counsel because his attorney did not ask the trial court to strike the five-year enhancement for his prior serious felony conviction. (§ 667, subd. (a).) Defendant insists the error was prejudicial because it is reasonably likely the trial court would have granted the request. We are not persuaded.

A claim of ineffective assistance of counsel requires showings of both deficient performance and resulting prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [80 L.Ed.2d 674, 693-694, 697-698].) To demonstrate prejudice,

10

defendant must show that there is " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Maury* (2003) 30 Cal.4th 342, 389.)

Here, even assuming defense counsel was deficient by failing to ask that the trial court strike the section 667, subdivision (a) prior, defendant has failed to show prejudice. While defense counsel did not seek to strike his prior serious felony conviction for purposes of sentencing, she did ask the trial court to remove defendant's prior strike conviction as a sentencing enhancement (*Romero* motion). The trial court declined to do so, stating that defendant "is the reason the three strikes law exists, and he falls squarely within the reason the legislature in the first place enacted the three strikes law." The trial court further told defendant that although the 23-year sentence may seem lengthy to him, "when you think about what you've done before this crime happened and what you did during the course of this crime, . . . I think it is a just and appropriate sentence." Accordingly, the trial court clearly expressed that it believed a 23-year sentence was justified.

In fact, as discussed *ante*, the trial court twice stated that a lengthier, 29-year sentence would also be warranted, expressing concern about the risk defendant posed to the community. Thus, the trial court indicated that it believed a 23-year sentence was not only appropriate, but actually lenient, given the circumstances. And, it specifically found that defendant's prior and current crimes—including his prior serious felony conviction—indicated he was a danger to the community, justifying the upper term sentence. As the trial court opined that six *additional* years on defendant's 23-year sentence would have been just, it is not reasonably likely that the trial court would have granted a request to *reduce* defendant's 23-year sentence by another five years by striking the serious felony prior. Because defendant has failed to show prejudice, we reject defendant's ineffective assistance of counsel claim.

11

IV

*Ability to Pay*

Finally, defendant argues the trial court violated his right to due process and abused its discretion by imposing a $300 minimum restitution fine pursuant to section 1202.4, subdivision (b)(1) without recognizing it could reduce the fine based on defendant's ability to pay. He contends this violated his constitutional rights, and that the fine must be stayed pending an ability to pay hearing. To the extent defendant forfeited his challenge to the fees and fines by failing to raise the issue in the trial court, defendant argues his trial counsel's failure to object constituted ineffective assistance of counsel.

Defendant's claim hinges on the analysis in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, finding due process principles mandate an ability to pay hearing before imposing fines and assessments. (*Id*. at p. 1164.) As defendant notes, the Courts of Appeal are split as to whether *Dueñas* was correctly decided. Our Supreme Court must resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which concluded due process requires the trial court to conduct an ability to pay hearing before imposing assessments but not restitution fines. (*Id*. at pp. 95-96.)

In the meantime, we join the court in *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946, and several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

We therefore need not decide whether defendant forfeited his ability to pay argument because this argument is without merit. Failure to assert a meritless position

12

does not demonstrate ineffective assistance of counsel.  (*People v. Kipp* (1998) 18 Cal.4th 349, 377.)

## DISPOSITION

The judgment is affirmed.


                                                      KRAUSE            , J.


I concur:


        EARL             , J.

ROBIE, J., Concurring.

I concur fully in parts I through III of the Discussion but write separately regarding part IV, which addresses defendant Ivory Jordan Spratt's ability to pay argument. Defendant argues the trial court abused its discretion and violated his right to due process by believing the $300 minimum restitution fine is mandatory in all cases and failing to recognize its discretion not to impose the fine on defendant who has no ability to pay it. I disagree with the majority's conclusion that *People v. Dueñas* (2019) 30 Cal.App.5th 1157 was wrongly decided (maj. opn. *ante*, at p. 12) but concur in the result because the record does not support defendant's argument.

The trial court never said it believed the $300 minimum restitution fine was mandatory in all cases and no such belief can be inferred from the record. " 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.)

The trial court first waived "all discretionary fines and fees" and confirmed with defendant that he was making that request. The trial court thereafter waived the $40 per count court operations assessment (Pen. Code, § 1465.8) and the $30 per count court facilities assessment (Gov. Code, § 70373) before imposing the restitution fine "at the minimum of [$]300" (Pen. Code, § 1202.4). Both the court operations assessment statute and the court facilities assessment statute include mandatory language (i.e., "shall" impose) like the restitution fine statute. (Compare Pen. Code, § 1465.8, subd. (a) & Gov. Code, § 70373, subd. (a) with Pen. Code, § 1202.4, subd. (b).) The trial court's decision to waive two purportedly mandatory assessments indicates it knew it had the discretion to waive purportedly mandatory fines, fees, and assessments, if it believed it was appropriate under the facts of the case. The trial court's decision not to waive the $300

1

restitution fine thus appears to be based on the trial court's exercise of discretion, and defendant's argument that the trial court misunderstood the scope of its discretion has no merit.

                                                            _____ROBIE_____, Acting P. J.